ROBERT W. JOHNSON,

        Plaintiff,

v.

        Case No. 23-cv-1142-pp

FACEBOOK, *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 7), SCREENING COMPLAINT, ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 5) DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 6) AND DISMISSING CASE WITHOUT PREJUDICE**

On August 29, 2023, the plaintiff—who is representing himself—filed a complaint alleging that several defendants committed identity theft, fraud, "U.S. Constitutional violations, RICO Acts and Due Process violations" against him. Dkt. No. 1. On September 1, 2023, Magistrate Judge Nancy Joseph issued a report recommending that this Article III court dismiss the complaint without prejudice for failure to state a claim. Dkt. No. 5. The plaintiff did not file an objection to the recommendation within fourteen days after being served. On September 18, 2023, however, the plaintiff filed a motion for default judgement (Dkt. No. 6) and a motion for leave to proceed without prepaying the filing fee (Dkt. No. 7). This order grants the plaintiff's motion for leave to proceed without prepaying the filing fee, screens the complaint, adopts Judge Joseph's

1

recommendation, dismisses the case without prejudice and denies as moot the plaintiff's motion for default judgment.

I.  **Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 7)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To allow a plaintiff to proceed without prepaying the filing fee (or *in forma pauperis*), the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]"). As the Seventh Circuit Court of Appeals has explained, "[p]roceeding [without prepaying the filing fee] is a privilege, and courts depend on the plaintiff's honesty in assessing [his] ability to pay." Lofton v. SP Plus Corp., 578 F. App'x 603, 604 (7th Cir. 2014); see also Chung v. Dushane, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) ("The opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons[,] and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused."). "[A] terse, unparticularized oath of indigency" does not satisfy the affidavit requirement of

2

28 U.S.C. §1915(a)(1). Zaun v. Dobbin, 628 F.2d 990, 992-93 (7th Cir. 1980) ("The financial affidavit form . . . is a relatively unobtrusive document which elicits information in regard to the [plaintiff's] overall financial standing[,] . . . [including] a petitioner's marital status and number of dependents, place of employment and income, properties owned, cash on hand, and outstanding obligations.").

The court has a form for individuals who wish to proceed without prepaying the filing fee to complete. Litigants can find the form on the court's web site, https://www.wied.uscourts.gov/forms/request-proceed-district-court-without-prepaying-filing-fee. The form is four pages long; it asks for information about the moving party's employment, family financial obligations, income, expenses, property and financial circumstances.

At the time he filed the complaint in August 2023, the plaintiff did not file this form. He filed part of a document (Form AO 240, the July 2010 version) titled Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). Dkt. No. 2. He captioned the form "Robert W. Johnson v. Donald J. Trump, et al." Id.[1] He indicated that he was not incarcerated, that he had no pay or wages and that he received no other income. Id. The plaintiff did not sign this form.

On September 18, 2023, almost three weeks after he filed his complaint and over two weeks after Judge Joseph issued her report and recommendation,

---

[1] The plaintiff did not list Donald J. Trump as a defendant in the August 29, 2023 complaint. Dkt. No. 1.

3

the plaintiff filed a second form. Dkt. No. 7. This time, he used the court's five-page form, and he captioned the form "Robert W Johnson v. Facebook, et al." Id. at 1. This form indicates that the plaintiff is not married and has no dependents whom he is responsible for supporting. Id. It says he has no income and no expenses. Id. at 2. It says he has no property of any kind. Id. at 3-4. Under "Other Circumstances," the plaintiff wrote, "Pending sanctions, seizures of chattels, state and federal probes and forfeitures." Id. at 4.

Arguably, even the second form is a "terse, unparticularized" oath of indigency. The plaintiff does not explain how he supports himself if he has no income. He does not explain how he lives if he has no expenses. He did not list a residential address on either the complaint or the two applications to proceed without prepaying the filing fee, although the complaint came in an envelope bearing a return address of 65 Sidney Street, Buffalo, NY 14211. Dkt. No. 1-3. The plaintiff does list rent or a mortgage payment.

The court will take the plaintiff at his word and conclude at this point that he does not have the money to pre-pay the $350 filing fee. This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit Court of Appeals has said that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (original emphasis); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment

4

of fees,' but not without *ever* paying fees."). The plaintiff must pay the filing fee as he is able.

## II. Screening the Complaint/Judge Joseph's Recommendation (Dkt. No. 5)

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### A. Background

The plaintiff's August 29, 2023 complaint names as defendants social media platforms Facebook, Meta LLC, and Twitter; the President of Russia, Vladimir Putin; and multiple individuals indicted as co-defendants in the Fulton County Superior Court case against former president Donald J. Trump, including: Rudy Giuliani, John Eastman, Mark Meadows, Kenneth Chesebro, Jeffrey Clark, Jenna Ellis, Ray Smith, III, Robert Cheeley, Cathleen Latham,

5

Scott Hall, Stephen Lee, Harrison Floyd, Trevian Kutti, Sidney Powell, Misty Hampton, Michael Roman, David Shafer and Shawn Still. Dkt. No. 1. The plaintiff alleges that

> [a]ll defendants committed identify theft, fraud, U.S. Constitutional violations, RICO Acts and Due Process violations against [the plaintiff].

Id. at 2. The plaintiff seeks punitive damages in the amount of $100,000,000 and 100% ownership of the defendants' assets. Id.

On September 1, 2023, Judge Joseph denied the plaintiff's motion for leave to proceed without prepaying the filing fee, finding that he had submitted an incomplete financial form (the first, one-page form the plaintiff filed). Dkt. No. 4. The same day, Judge Joseph determined that, even if the plaintiff had qualified to proceed without prepaying the filing fee, the complaint failed to state a claim for relief under 42 U.S.C. §1983; Judge Joseph recommended that this Article III court dismiss the complaint. Dkt. No. 5.

Judge Joseph explained that "[f]or a complaint to pass muster under Fed. R. Civ. P. 8(a)(2), it must contain sufficient factual matter, accept as true, to state a claim to relief that is plausible on its face." Id. at 3 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Judge Joseph observed that the plaintiff's complaint exhibited an "extreme lack of detail" and that the allegations seemed "implausible." Id. Judge Joseph noted the plaintiff had "allege[d] that various high-profile political figures, including the President of Russia, violated his rights and stole his identity" and that the plaintiff "ask[ed] for relief in the form of an exorbitant amount of money, as well as the liquidation of all assets of

6

companies such as Facebook and Twitter." Id. "[D]rawing on [her] common sense and judicial experience," Judge Joseph recommended that this court dismiss the complaint for failure to state a claim. Id. Judge Joseph concluded that "it is fairly clear that future amendment of this complaint would be futile" and notified the plaintiff that "written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of did not not file an objection to Judge Joseph's recommendation.

  B. <u>Legal Standard</u>

  Rule 72(b)(2) of the Federal Rules of Civil Procedure requires someone who disagrees with a magistrate judge's report and recommendation to file "specific written objections" to the report "[w]ithin 14 days after being served with a copy of the recommended disposition." The Seventh Circuit Court of Appeals "understand[s] Rule 72(b)'s requirement of specific, written objection to require a litigant to specify each issue for which review is sought and not the factual or legal basis of the objection." <u>Johnson v. Zema Sys. Corp.</u>, 170 F.3d 734, 741 (7th Cir. 1999). If a person does not object to a magistrate judge's report and recommendation, the district court reviews that recommendation for clear error. <u>Id.</u> at 739. Under the clear error standard, the district court may overturn a magistrate judge's ruling only if the court is left with "the definite and firm conviction that a mistake has been made." <u>Weeks v. Samsung Heavy Indus. Co., Ltd.</u>, 126 F.3d 926, 943 (7th Cir. 1997).

C. <u>Analysis</u>

Because the plaintiff has not filed any "specific written objections" (or any objections at all) to Judge Joseph's recommendation, the court reviews her recommendation for clear error. <u>See</u> Fed. R. Civ. Pro. 72(b)(2); <u>Johnson</u>, 170 F.3d at 739. This court agrees with Judge Joseph that the complaint exhibits an "extreme lack of detail" and that the allegations seem "implausible." Dkt. No. 5 at 3. The complaint does not include any factual details explaining how the defendants—the various social media entities and public figures— "committed identify theft, fraud, U.S. Constitutional violations, RICO Acts and Due Process violations against [the plaintiff]." Dkt. No. 1. <u>See</u> <u>Ashcroft</u>, 556 U.S. at 678 (noting that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The plaintiff has not explained what Vladimir Putin, or Sidney Powell, or Facebook, or any of the other defendants did to steal his identity, defraud him or violate his constitutional rights. He has not explained which provisions of the Constitution he believes the defendants violated. He has not provided a time frame for when the defendants allegedly harmed him or explained they were when the harm occurred.

Nothing in Judge Joseph's report leaves the court with "the definite and firm conviction that a mistake has been made." <u>Weeks</u>, 126 F.3d at 943. The

8

Case 2:23-cv-01142-PP   Filed 10/18/23   Page 8 of 12   Document 8

complaint does not state a claim for which this federal court may grant relief, because it does not contain sufficient factual matter to support the plaintiff's claims.

The court must adopt Judge Joseph's recommendation and dismiss the complaint without prejudice. "Ordinarily . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) [governing dismissal for failure to state a claim] should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed." Runnion <u>ex rel.</u> <u>Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana</u>, 786 F.3d 510, 519 (7th Cir. 2015). But district courts "may deny leave to amend wen such amendment would be futile." <u>Loja v. Main Street Acquisition Corporation</u>, 906 F.3d 680, 684-85 (7th Cir. 2018). Given the absence of any detail in the complaint and the very small likelihood that any of the named defendants directly injured the plaintiff by violating his constitutional rights, the court concludes that it would be futile to allow the plaintiff to file an amended complaint.

### III.    Motion for Default Judgment (Dkt. No. 6)

Because the court must dismiss the complaint for failure to state a claim, the plaintiff's motion for default judgment is moot. The court notes, however, that even if it were not dismissing the complaint, it would not have granted the motion for default judgment because it was premature.

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on

9

the opposing party's failure to plead. Fed. R. Civ. P. 55(a). However, "a responsive pleading is required only after service has been effected and the party has been made subject to the jurisdiction of the federal courts." Silva v. City of Madison, 69 F.3d 1368, 1376 (7th Cir. 1995); see also Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.") The court cannot enter default against a party that has not been properly served. See be2 LLC v. Ivanov, 642 F.3d 555, 557 (7th Cir. 2011) ("When a district court enters a default judgment without personal jurisdiction over the defendant, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that judgment." (citation and internal quotation marks omitted)).

The court has explained that when a plaintiff files a motion for leave to proceed without prepaying the filing fee along with the complaint, the district court must screen the plaintiff's complaint by first determining whether he is indigent and then determining whether the complaint fails to state a claim on which relief may be granted. This two-step screening process occurs *before* the court orders the complaint to be served on any defendant. 28 U.S.C. §1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."); Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . . The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim.").

10

Case 2:23-cv-01142-PP   Filed 10/18/23   Page 10 of 12   Document 8

The plaintiff filed his motion for default judgment before the court had screened the complaint and before it decided whether to order service on the defendants. Because the defendants had not yet been served, the deadline for them to answer had not been set. The defendants have not "defaulted" because they were not aware that they had been sued and they had no deadline by which to file an answer.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 7.

The court **ADOPTS** Judge Joseph's recommendation. Dkt. No. 5

The court **ORDERS** that this case is **DISMISSED** without prejudice for failure to state a claim. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion for default judgment. Dkt. No. 6.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects the parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 18th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

12

Case 2:23-cv-01142-PP   Filed 10/18/23   Page 12 of 12   Document 8